## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Tammy Krumbhaar<br>36 Meadow Creek Lane<br>Glenmoore, PA 19343, | : <br> : <br> : <br> : | |
|    -And- | : <br> : | |
| Craig Krumbhaar<br>36 Meadow Creek Lane<br>Glenmoore, PA 19343, | : <br> : <br> : | No._____ |
|    Plaintiffs, | : <br> : | |
| v. | : <br> : | |
| Encompass Insurance Company<br>2775 Sanders Rd<br>Northbrook, IL 60062-6110, | : <br> : <br> : | |
|    Defendant. | : | |

### CIVIL ACTION COMPLAINT

AND NOW, come the Plaintiffs, Tammy Krumbhaar and Craig Krumbhaar, by and through their attorneys, Freundlich & Littman, LLC, and files the within Civil Action Complaint against Defendant Encompass Insurance Company, and in support thereof, avers as follows:

### PARTIES

1. Plaintiff Tammy Krumbhaar (hereinafter "Plaintiff") is an adult individual and citizen of this Commonwealth, who resides at 36 Meadow Creek Lane, Glenmoore, PA 19343.

2. Plaintiff Craig Krumbhaar (hereinafter "Mr. Krumbhaar") is an adult individual and citizen of this Commonwealth, who resides at 36 Meadow Creek Lane, Glenmoore, PA 19343.

3. Plaintiff and Mr. Krumbhaar were legally married at all times described below and continue to be married as of the time of this filing.

1

4.  Plaintiff and Mr. Krumbhaar are hereinafter referred to collectively as "Plaintiffs" unless specifically referred to otherwise individually.

5.  Defendant Encompass Insurance Company (hereinafter "Defendant") is, based on information and belief, a corporation organized and existing under the laws of the State of Illinois with a registered place of business located at 2775 Sanders Road, Northbrook Illinois 60062.

6.  Defendant is a for-profit company that provides, among other things, auto, homeowners, and renters' insurances to members of the public.

7.  The Defendant is an "insurer" for purposes of 42 Pa. C.S.A. § 8371.

8.  At all times relevant hereto, the Defendant engaged as their actual, apparent, and/or ostensible agents, servants and/or employees various adjusters and other staff involved in any way in the handling, adjusting, investigation, management, decision-making and other respects with respect to the claim by Plaintiffs who at all times were acting within the course and scope of their agency and/or employment.

9.  Defendant is liable for the negligent and/or careless acts or omissions of their actual, apparent, and/or ostensible agents, attorneys, servants and/or employees under theories of respondeat superior, master-servant, agency, and right of control.

10. The harms described herein are a direct result of the acts and/or omissions of the Defendant, jointly and severally, including their attorneys in handling the claims, representatives, agents, servants, and/or employees.

11. At all times relevant hereto, Defendant has been acting in the scope and furtherance of their business interests.

## JURISDICTION AND VENUE

12. Plaintiff hereby incorporates the preceding paragraphs by reference as though fully set forth at length herein.

13. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §1332(a) in that the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and the matter is between citizens of different States.

14. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and/or that the accident giving rise to the underlying claim happened within this judicial district.

## FACTS

12. Plaintiffs hereby incorporate the preceding paragraphs by reference as though fully set forth at length herein.

13. On March 26, 2019, Plaintiff was involved in an automobile accident (hereinafter "Accident") while lawfully driving her vehicle on Gordon Road approaching the intersection of Gordon Road and Pottstown Pike in Chester County Pennsylvania.

14. On or about the same time, John Corr was driving his vehicle his vehicle on Gordon Road approaching the interstation of Gordon Road and Pottstown Pike in Chester County Pennsylvania.

15. Suddenly, and without warning, John Corr attempted to make an illegal U-Turn across all lanes of traffic with the intention of ending up driving the opposite direction on Gordon Road away from the intersection of Gordon Road and Pottstown Pike in Chester County, Pennsylvania.

16.  Due to the actions of John Corr, the Plaintiffs' vehicle was violently struck by John Corr's vehicle.

17.  Due to the accident described above the Plaintiff suffered, among other things, suffering fractures in her wrist, cuts and scars on her body, injuries to her back, neck, limbs, and nervous system.

18.  As a further result of the Accident, Plaintiff incurred and continues to incur substantial medical expenses, all of which was and remains necessary to treat her serious and permanent injuries.

19.  John Corr admitted that he was 100% liable and at-fault for the Accident with no claim of comparative and/or contributory negligence on the part of the Plaintiff.

20.  Plaintiffs filed a claim against John Corr as a result of the Accident.

21.  John Corr had insurance policy limits of $50,000.00 through Progressive Insurance applicable to the Accident.

22.  Shortly thereafter, the Tortfeasor offered to tender the full limits of their policy.

23.  At the time of the Accident, John Corr did not have motor vehicle insurance adequate to compensate the Plaintiffs for their injuries sustained as a result of the subject Accident.

24.  Plaintiffs sought approval from Defendant to accept John Corr's offer to settle and to pursue a UIM claim against Defendant.

25.  Defendant gave Plaintiffs consent to accept the settlement from John Corr and Defendant waived their subrogation rights and granted Plaintiffs permission to pursue a UIM claim against the Policy of Insurance applicable to the Plaintiffs' vehicle.

26.  At the time of the accident, the Plaintiffs' vehicle maintained auto insurance through Defendant, specifically Policy Number 281892400 (hereinafter "Defendant's Policy") issued by Defendant for her vehicle with a Underinsured (hereinafter "UIM") coverage limit of $200,000.00. (A true and correct copy of the Defendant's Policy is attached hereto as Exhibit "A").

27.  Plaintiffs submitted a UIM claim pursuant to the Defendant's UIM coverage Policy language.

28.  Plaintiffs fully complied with all of Defendant's requests pursuant to Defendant's Policy.

29.  Defendant has failed to fairly and properly evaluate Plaintiffs' claims.

30.  Defendant has not made an offer of settlement that is reasonable nor fair based on the evidence provided by Plaintiff.

31.  Plaintiffs have attempted to negotiate in good faith and have offered Defendant numerous opportunities to resolve this claim within the limits of Defendant's UIM coverage.

32.  Defendant has rejected and/or refused to objectively and fairly evaluate and settle Plaintiffs' claims.

33.  Defendant's breaches, wrongful, and/or tortious practices and/or conduct include, but are not limited to:

    a.  Failing to settle the claim for the policy limits within a reasonable period of time;

    b.  Failing to properly and timely settle the claim for the policy limits when liability was clear and injuries sustained are serious and permanent;

5

c.  Failing to properly protect its Plaintiffs' interests by promptly and properly investigating, evaluating, and handling the claim;

d.  Claiming that Plaintiff was comparatively and/or contributorily negligent for her own injuries;

e.  Claiming that Plaintiff is not entitled to full tort status;

f.  Failing to properly, promptly, and objectively investigate and evaluate the Plaintiff's claim;

g.  Requesting records from Plaintiff and failing and/or refusing to review the records while misrepresenting the contents of the records to Plaintiff in an effort to strong arm a settlement;

h.  Intentionally and/or carelessly and/or negligently misrepresenting the facts of the case to Plaintiff in an attempt to strong-arm a settlement;

i.  Conducting an improper, self-serving, inadequate and untimely valuation of the potential damages and exposure;

j.  Conducting an improper, self-serving, inadequate and untimely assessment of the probability of a verdict, including in particular an excess verdict;

k.  Conducting and relying upon an improper, self-serving, inadequate, and untimely legal analysis that baselessly ignored and/or knowingly misapplied well-settled principles of law;

l.  Reaching and relying upon improper, self-serving and inadequate assumptions regarding the amount and probability of damages and exposure;

m.  Failing to properly give the same faithful consideration to the Plaintiffs' interests that it gave to their own interests;

n. Affirmatively misrepresenting and/or actively concealing material facts from their insured, including with regard to the "ongoing" status of their purported investigation and the necessity of further investigation;

o. Conducting an investigation, evaluation and assessment with the purpose and effect of protecting and serving Defendant's own interests, rather than providing proper and faithful consideration to the Plaintiffs' interests;

p. Creating and implementing unlawful and inadequate policies, guides, procedures and practices with regard to claims investigations and claims handling;

q. Failure to create and implement lawful and adequate policies, guides, procedures and practices with regard to claims investigations and claims handling;

r. Failure to adhere to Defendant's policies, guides, procedures, and practices with regard to claims investigations and claims handling;

s. Failing to properly and adequately communicate with the Plaintiffs;

t. Implementing and pursuing a claims handling/litigation policy and strategy with the design and purpose of deterring claims rather than protecting the interests of their insureds;

u. Taking an unreasonable amount of time to respond to Plaintiffs' requests;

v. Breaching known legal duties to the Plaintiffs out of financial self-interests;

w. Making redundant, unnecessary, and pretextual requests for documents and other materials;

x. Employing delay tactics;

y. Making pre-textual requests for documents which were unrelated to Plaintiffs' claim and solely designed to delay, intimidate, and harass the Plaintiff.

34. In willful, wanton and callous disregard for the interests of the Plaintiff as a third party beneficiary, their legal obligations, the plain facts and law of the case, and their lack of any reasonable basis for their own position and conduct, Defendant failed to act in the best interests of their insured as described herein.

35. The Defendant acted with the goal and motive of monetary gain with ill will towards the Plaintiffs.

36. The negligent and careless conduct of the Defendant proximately caused all of the injuries and damages pleaded herein, with regard to each claims and act set forth herein.

37. Defendant intentionally and knowingly violated their own insurance policies in handling Plaintiffs' claims.

38. Plaintiffs have made every effort to resolve this matter without filing suit but Defendant, by and through their attorneys in handling the claim, their representatives, agents, servants, and/or employees, have refused to act in good faith and handle the claim in compliance with accepted standards as stated above and below.

39. All of Plaintiff's losses are due to the actions and conduct of John Corr and Defendant, without any comparative or contributory negligence on Plaintiff's part contributing thereto.

## COUNT I: BREACH OF CONTRACT
### Plaintiffs v. Defendant

40. Plaintiffs hereby incorporates the paragraphs by reference as though fully set forth at length herein.

41. A contract of insurance existed wherein Plaintiffs was a first-party beneficiary of Defendant's Policy.

8

42. Plaintiffs have fully complied with all of the terms, conditions, duties, and requests of Defendant under the Defendant's Policy.

43. Plaintiffs were an insured under the Defendant's Policy and was entitled to receive the benefits of the contract of insurance, including UIM liability coverage for the claims made pursuant to the Policy from the March 26, 2019 Accident.

44. The insurance policies imposed certain contractual and other duties on Defendant.

45. Defendant owed Plaintiffs the duty to adhere to the terms and conditions of the Policy.

46. The contract included within it a covenant of good faith and fair dealing.

47. Defendant owed Plaintiffs a duty to reasonably evaluate her claims in a timely manner.

48. Defendant owed the Plaintiffs a duty to settle any claims arising out of the motor vehicle accident within the applicable policy limits.

49. Defendant owed the Plaintiffs a duty to protect and look out for Plaintiff's interests.

50. Plaintiff relied upon and reasonably believed that Defendants would fulfill their contractual obligations and duties.

51. Given the circumstances of the accident, and the nature of Plaintiff's injuries and claims, Defendant knows or reasonably should know that the value of Plaintiff's claims is far in excess of the paltry offer made to date.

52. Given the circumstances of the accident, and the nature of Plaintiff's injuries and claims, Defendant knows or reasonably should know that the value of Plaintiffs' claims is far in excess of the limited coverages contained within Defendant's Policy.

53. Based upon the facts pleaded above, immediately below, and in the other counts set forth in this Complaint, Defendant breached their contractual obligations under the insurance policies with the Plaintiff by:

    i.  Failing to timely process Plaintiffs' claim;

    ii.  Forcing Plaintiffs to spend money hiring their own experts;

    iii.  Conducting an investigation, evaluation and assessment with the purpose and effect of protecting and serving Defendant's own interests, rather than providing proper and faithful consideration to the Plaintiffs' interests;

    iv.  Creating and implementing unlawful and inadequate policies, guides, procedures and practices with regard to claims investigations and claims handling;

    v.  Failure to adhere to Defendant's policies, guides, procedures, and practices with regard to claims investigations and claims handling;

    vi.  Implementing and pursuing a claims handling/litigation policy and strategy with the design and purpose of deterring claims rather than protecting the interests of their insureds;

    vii.  Failure to timely and adequately communicate with Plaintiffs;

    viii.  Refusing and/or stopping communications with Plaintiffs and Plaintiffs' Counsel;

    ix.  Actively and intentionally misrepresenting the status of Defendant's investigation of Plaintiffs' claims;

    x.  Breaching known legal duties to the Plaintiff out of financial self-interests;

xi.    Making redundant, unnecessary, and pretextual requests for documents and other materials;

xii.   Failing to pay insurance proceeds in a timely manner;

xiii.  Sending letters to Plaintiffs and/or their representatives making false and inaccurate representations concerning the status of their claim and Defendant's investigation;

xiv.   Refusing to continue to evaluate the claim;

xv.    Misrepresenting the alleged "ongoing" nature of their investigation into Plaintiffs' claim and the claim's status;

xvi.   Considering improper criteria in evaluating the Plaintiffs' claims which have no bearing on the value of Plaintiffs' UIM claim and the damages suffered by Plaintiffs;

xvii.  Continuing to employ delay tactics;

xviii. Exhibiting a pattern and practice of engaging in unfair or deceptive acts or practices to benefit the interests of Defendant to the detriment and expense of the Plaintiffs;

xix.   Reaching and relying upon improper, self-serving and inadequate assumptions regarding the amount and probability of damages and exposure;

xx.    Failing to settle the claim for the policy limits within a reasonable period of time;

> xxi.  Implementing and pursuing a claims handling/litigation policy and
> strategy with the design and purpose of deterring claims rather than
> protecting the interests of their insureds.

54.  As a direct and proximate result of Defendant's breach of its contractual duties and
legal obligations of good faith as described above, Plaintiffs suffered significant
damages, including, but not limited to the damages identified above.

55.  All of Plaintiffs' losses were solely and proximately caused by the actions and conduct
of the Defendant, without any contribution, negligence, want of action, or other
wrongdoing by the Plaintiffs.

WHEREFORE, Plaintiffs demands judgment in an amount in excess of one-hundred-and-
fifty-thousand-dollars under each and any of the claims set forth herein, including without
limitation, as authorized under the law governing each claim, compensatory, consequential,
expenses, pre and post judgement interest and other damages, as well as the damages provided
pursuant to the common law, and such further relief as the Court may direct.

## COUNT II: LOSS OF CONSORTIUM
### Plaintiff Craig Krumbhaar v. Defendant

56.  Plaintiffs hereby incorporates the preceding paragraphs by reference as though fully set
forth at length herein.

57.  As stated above, Mr. Krumbhaar was and remains married to Plaintiff Mrs. Krumbharr
at all times relevant and material hereto.

58.  As a result of the negligence and carelessness described above, Mr. Krumbhaar was
caused to suffer, and will continue to suffer in the future, loss of consortium, loss of
society, affection, assistance, emotional distress with physical injury, undue hardship,
and conjugal fellowship, all to the detriment of his marital relationship.

12

59.   All of Mr. Krumbhaar's losses and damages were, are, and will be due solely to and by

reason of the carelessness, negligence, and breach of contract of Defendant, without

any negligence or lack of due care on Mr. Krumbhaar's part contributing thereto.

WHEREFORE, Plaintiff Craig Krumbhaar demands judgment in his favor and against

Defendant in an amount in excess of one-hundred-and-fifty-thousand-dollars under each and any

of the claims set forth herein, including without limitation, as authorized under the law governing

each claim, compensatory, consequential, expenses, pre and post judgement interest and other

damages, as well as the damages provided pursuant to the common law, and such further relief as

the Court may direct.

FREUNDLICH & LITTMAN, LLC

BY: _____
       Jonathan D. Rosenau, Esquire

1425 Walnut Street
Suite 200
Philadelphia, PA 19102
215-545-8500
215-545-8510

13